IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> ORTEGA CONSTRUCTION METHODS, INC. ) <br> ) <br> Defendant ) | Civil Action No. <br> 05-972 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Ortega Construction Methods, Inc. ("Company" or "Defendant"), in the amount of $26,293.71. In addition, the Plaintiff is entitled to injunctive relief in the form of an Order requiring Defendant to submit to an audit for all periods for which Company is obligated under the collective bargaining agreement and to comply with the terms of the Company's collective bargaining agreement(s) with respect to the submission of remittance reports and contributions.

The Pension Fund served its Complaint on Defendant on May 31, 2005. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on or about June 24, 2005. Default was entered against the Defendant on or about July 20, 2005. Plaintiff now submits this motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Shelley R. Goldner and a proposed form of judgment.

154789-1

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $26,293.71, as set forth in the enumerated paragraphs below.

1. <u>Unpaid Contributions in the amount of $20,010.77.</u>

Defendant owes $20,010.77 in unpaid contributions for the periods including January 2005 through May 2005 based on remittance reports and other records prepared by Defendant and submitted to the Pension Fund. This amount includes an estimate for the period March 2005 through May 2005 because the Defendant has failed to submit the required remittance reports for that period. Montemore Declaration, ¶6.

2. <u>Interest through July 15, 2005 of $309.02.</u>

The rules and regulations as set forth in § 10.12(b)(2) of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) set the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through July 15, 2005 on Defendant's $20,010.77 in delinquent contributions totals $309.02. Interest shall continue to accrue on unpaid contributions in accordance with the Pension Fund's rules and regulations and ERISA until the date of actual payment. Montemore Declaration, ¶ 8; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $4,002.16.</u>

ERISA and §10.12(b)(3) of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendant owes $20,010.77 in unpaid contributions. Twenty percent (20%) of this amount is $4,002.16. Since the total amount of liquidated damages is greater than the

interest amount, Defendant owes a total of $4,002.16 in liquidated damages. Montemore Declaration, ¶9; 29 U.S.C. § 1132(g)(2).

    4.    <u>Late charges of $154.28</u>.

ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendants owe $154.28 in late charges for the period August 2004 through December 2004. Montemore Declaration, ¶10. <u>See</u> also, <u>International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation</u>, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

    5.    <u>Attorneys' fees and costs of $1,817.48.</u>

Plaintiff has incurred $1,527.00 in attorneys' fees and $290.48 in costs on this matter through June 28, 2005. Goldner Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

    6.    <u>Injunctive Relief</u>.

In light of Defendant's failure to comply with its contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (See, Montemore Declaration, ¶¶5,11) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7. <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. <u>See</u>, <u>Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003); <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989).

                                  Respectfully submitted,

                                  JENNINGS SIGMOND, P.C.

                                BY:<u>s/ Shelley R. Goldner</u>
                                    SANFORD G. ROSENTHAL, ESQUIRE
                                    (I.D. NO. 478737)
                                    SHELLEY R. GOLDNER, ESQUIRE
                                    (I.D. NO. 483329)
                                    The Penn Mutual Towers, 16th Floor
                                    510 Walnut Street, Independence Square
                                    Philadelphia, PA 19106-3683
                                    (215) 351-0611/0644

Date: <u>July 20, 2005</u>                Attorneys for Plaintiff