IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> ORTEGA CONSTRUCTION METHODS, INC. ) <br> ) <br> Defendant ) | Civil Action No. <br> 05-972 (RBW) |

**MOTION FOR ENTRY OF SUPPLEMENTAL JUDGMENT
AGAINST DEFENDANT ORTEGA CONSTRUCTION METHODS, INC.**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), by its undersigned counsel, respectfully moves this Court for the entry of a Supplemental Judgment in favor of the Pension Fund and against Defendant, Ortega Construction Methods, Inc. ("Company" or "Defendant"), for $32,878.93, including delinquent contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Pension Fund in this matter in addition to that which is set forth in the Default Judgment entered September 26, 2005 ("September 26, 2005 Judgment") attached hereto as Exhibit 1.

In support of this Motion, the Pension Fund states the following:

1.  On September 26, 2005, the Court entered Judgment against Defendants in the total amount of $26,293.71. Of this total judgment amount, $20,010.77 represented contributions owed the Pension Fund pursuant to 29 U.S.C. § 1132(g)(2)(A).

2.  An audit conducted for the period January 1, 2004 through June 30, 2005 revealed additional contributions owed for the period covered by the Judgment as well as subsequent to

166321-1

that period. The audit reflects that Defendant owes additional contributions in the amount of $18,144.08 for the period January 1, 2004 through June 30, 2005. See, Audit attached as Exhibit 2; Montemore Decl., ¶9.

3. The Judgment provides that Defendant shall pay the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and the rules and regulations of the Pension Fund, ERISA and applicable law. See, Exhibit 1, ¶4. Defendant owes the Pension Fund $1,668.73 in audit costs. See, Montemore Decl., ¶12.

4. Defendant also owes the Pension Fund liquidated damages in the amount of $3,628.81 on the unpaid contributions listed in ¶2. See, Montemore Decl., ¶11.

5. The Pension Fund also is owed interest of $923.23 from the due date of payment through March 31, 2006 ($425.17 through October 12, 2005, the date of the audit, and $498.06 from October 13, 2006 through March 31, 2006) on the additional unpaid contributions listed in ¶2 in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i). See, Montemore Decl., ¶10.

6. Defendant has failed to remain current with its post-judgment contributing and reporting obligations. Specifically, Defendant failed to remit contributions to the Pension Fund during the period June 2005 through February 2006, in accordance with the terms and conditions of Company's collective bargaining agreements with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC, the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund (attached to Plaintiff's Complaint as Exhibit 1), the International Painters and Allied Trades Industry Pension Plan ("Plan") (relevant portions of which are attached to Plaintiff's Complaint as Exhibit 2), ERISA and applicable law. The audit covered the period

through June 30, 2005 and the June 2005 delinquent contributions are included in the audit shortages referred to in ¶2. Defendant is delinquent in its payment of post-judgment contributions in the amount of $4,313.40 to the Pension Fund for the period of July 2005 through February 2006. See, Montemore Decl., ¶5.

7. Defendant also owes the Pension Fund liquidated damages in the amount of $862.38 on the unpaid contributions listed in ¶6. See, Montemore Decl., ¶7.

8. The Pension Fund also is owed interest of $105.67 from the due date of payment through March 31, 2006 on the additional unpaid contributions listed in ¶6 in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i). See, Montemore Decl., ¶6.

9. The Pension Fund has incurred additional attorneys' fees and costs of $3,232.63 from June 28, 2005 through March 23, 2006. Goldner Decl., ¶4;[1] Exhibit 5.

10. In addition to entering judgment against Defendant for the delinquent amounts owed to the Pension Fund, the Pension Fund is permitted to apply to the Court for further reasonable attorneys' fees and costs for periods in which enforcement of the September 26, 2005 Judgment was sought. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

---

[1] The Declaration of Shelley R. Goldner ("Goldner Decl.") is attached to this Motion as Exhibit 4. The document referred to in the Goldner Decl. is attached to the Motion as Exhibit 5.

**WHEREFORE**, the Pension Fund asks the Court to enter Supplemental Judgment against Defendant in the amount of $32,878.93 and grant the relief requested in the attached, proposed Order and Supplemental Judgment. Accompanying this Motion are a supporting memorandum of points and authorities, declarations, and a proposed supplemental judgment.

                Respectfully submitted,

                JENNINGS SIGMOND

                BY: /s/ Shelley R. Goldner, Esquire
                     SANFORD G. ROSENTHAL
                     D.C. Bar No. 478737
                     SHELLEY R. GOLDNER
                     D.C. Bar No. 483329
                     The Penn Mutual Towers, 16th Floor
                     510 Walnut Street, Independence Square
                     Philadelphia, PA 19106-3683
                     (215) 351-0611/0644
Date: March 27, 2006           Counsel for Plaintiff