IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ECF

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br>)<br>)<br>Plaintiff )<br>v. )<br>)<br>ORTEGA CONSTRUCTION METHODS, INC. )<br>)<br>Defendant ) | Civil Action No.<br>05-972 (RBW) |

## ORDER AND SUPPLEMENTAL JUDGMENT

Upon consideration of the Motion for Entry of Supplemental Judgment of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and in accordance with the Default Judgment entered September 26, 2005 ("September 26, 2005 Judgment"), it is ORDERED:

1. Supplemental Judgment is entered in favor of the Pension Fund and against Defendant, Ortega Construction Methods, Inc. ("Company" or "Defendant"), in the total amount of $32,878.93. This amount includes the following:

   (a) Delinquent contributions in the amount of $22,457.48 including $18,144.08 for the audit period of February 2004 through June 2005 and $4,313.40 for the period July 2005 through February 2006, pursuant to 29 U.S.C. §§185(a) and 1182(g)(2).

   (b) Liquidated damages on the amount indicated in ¶1(a) in the amount of $4,491.19 ($3,628.81 on the audit shortages and $862.38 on the post-audit contributions).

   (c) Interest to March 31, 2006 in the amount of $1,028.90 ($923.23 on the delinquent contributions revealed by the audit and $105.67 on the post-audit contributions) based

166321-1

upon the amount referred to in ¶1(a) calculated in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621. The contribution amount set forth in ¶1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

  (d) Audit costs in the amount of $1,668.73.

  (e) Attorneys' fees and costs in the amount of $3,232.63 incurred by the Pension Fund from June 28, 2005 through March 23, 2006; and

  (g) The unpaid contributions in the September 26, 2005 Judgment shall continue to bear further interest as provided in 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

  2. Plaintiff is entitled to reimbursement of all additional attorneys' fees and costs it incurs in the enforcement and collection of this judgment. If further action by Plaintiff to enforce and collect this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(f) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

  3. Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with required contributions for all

periods for which Defendant is obligated to do so under the collective bargaining agreement(s) requiring contributions to Plaintiff. In the event that Defendant fails to submit, in a timely manner, future remittance reports and contributions, Plaintiff shall be entitled to move for a second supplemental judgment to coerce submission of remittance reports and recover payment of unpaid contributions and all related amounts due the Plaintiff.

4. Within twenty (20) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Plaintiff any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

5. The Pension Fund shall have the right to conduct an audit of the payroll books and related records of Defendant. Within forty-eight (48) hours of a request by the Pension Fund or its designated representative, Defendant shall make available to the Pension Fund or its designated representative all payroll books and records necessary for Plaintiff to ascertain the precise amount of delinquent contributions due and owing for all relevant periods. Defendant, its owners, officers, agents, servants, employees and all persons acting on their behalf or in conjunction with them, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendant shall

pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan adopted by the Pension Fund's trustees, the Employee Retirement Income Security Act of 1974, as amended, and applicable law

6. If Defendant fails to comply with any of the terms of this Order, Plaintiff may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

7. The Clerk of the Court may immediately certify this Order and Supplemental Judgment for transfer upon the request of Plaintiff and payment of any required fee.

Date: April 23, 2006

Reggie B. Walton, J.
United States District Judge

Copies of this Default Judgment shall be sent to:

Shelley R. Goldner, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Ortega Construction Methods, Inc.
23 Palmer Place
Lancaster, NY 14086

166321-1

4